United States District Court
Southern District of Texas
FILED

MAR 10 2000

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **FRANCES JOHNSON, Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** C-00-105 |
| **MR. COFFEE, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, and MR. COFFEE** | § | |

## NOTICE OF REMOVAL

COME NOW, the Defendant, Signature Brands, Inc., improperly named as Mr. Coffee and Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332, and files this its Notice of Removal with this Court for removal of this action from the District Court of Nueces County, Texas, 347th Judicial District, to the United States District Court for the Southern District of Texas, Corpus Christi Division. The Defendant respectfully asserts the following facts to support removal, and in so doing expressly reserves all other questions other than that of removal, including questions related to jurisdiction, for the purpose of future pleadings.

**I.**

Plaintiff Frances Johnson filed suit against Defendant Signature Brands, Inc., improperly named as Mr. Coffee and Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, in Nueces County, Texas, on or about January 31, 2000

ClibPDF - www.fastio.com

in the case styled: Frances Johnson, Plaintiff v. Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, and Mr. Coffee, Defendants, Cause No. 99-4402-H.

Plaintiff alleges that she is a resident of the State of Texas. In her Amended Petition, Plaintiff alleges that she sustained damages to her home and contents, as well as expenses relating to the repair of her home, replacement of its contents, and living expenses as a result of an August 14, 1997 fire. Plaintiff further alleges that the fire was caused by a defect in a Sunbeam Mr. Coffee coffee maker that allegedly was plugged into an electrical outlet in Plaintiff's kitchen. Plaintiff has brought suit alleging negligence, strict products liability and that the Defendant breached implied warranties of merchantability and fitness for a particular purpose. The Plaintiff's allegations are more fully described in the Plaintiff's Amended Petition, a true and correct copy of which is attached as Exhibit "A" and incorporated herein by reference. The Defendant denies any liability on its part and disputes such claims of the Plaintiff and states that it has valid defenses.

**II.**

This Notice of Removal is being filed within thirty (30) days of Defendant being served with Plaintiff's Amended Petition. The Defendant was served on February 15, 2000. All requirements of 28 U.S.C. § 1441, 28 U.S.C. § 1332, and 28 U.S.C. § 1446 have been met and this case should be removed.

**III.**

This Court has subject matter jurisdiction in this case because of the complete diversity of the parties pursuant to 28 U.S.C. § 1332. There is no such legal entity as Mr. Coffee; instead, it is

ClibPDF - www.fastio.com

a trademark owned by Defendant Signature Brands, Inc. Defendant Signature Brands, Inc., a wholly owned subsidiary of Sunbeam Products, Inc. is a corporation incorporated, organized and existing under the laws of Ohio with its principal place of business located in Ohio. The Defendant Signature Brands, Inc. is not, and at no relevant time has been, a resident or citizen of Texas and does not have, and has at no relevant time had, its principal place of business in Texas. Further, the Defendant was not, and at no relevant time has been, incorporated in Texas. Finally, the Plaintiff is a resident and citizen of Texas and is seeking damages in excess of $75,000. (See correspondence dated January 4, 1999 attached and fully incorporated herein as Exhibit "C"[1]). Removal of this action is proper under 28 U.S.C. § 1441 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

**IV.**

Pursuant to Rule 3(K) of the Local Rules of the United States District Court for the Southern District of Texas, Defendant also submits a copy of the docket sheet, if any, process, if any,

---

1/ The current lawsuit arises from a fire which damaged Frances Johnson's home. Ms. Johnson made a claim on her insurance policy for the damage. Exhibit "C" is a letter from her insurance carrier, Allstate, advising the Defendant that Allstate had settled Frances Johnson's insurance claim. The amount of the loss is stated to be $100,739.99. As part of the settlement, Frances Johnson assigned to Allstate her claims against other parties such as the Defendant to recover for this alleged loss. Texas law permits Allstate to sue in the name of Frances Johnson to enforce its subrogation rights. The Plaintiff's attorney has represented to defense counsel that this is a subrogation lawsuit.

ClibPDF - www.fastio.com

pleadings, and any signed orders served in the state court action, together with an index of matters being filed, a list of all counsel of record, and the Notice served upon Plaintiff's attorney of record that this matter was removed. These documents are attached as Exhibit "B."

V.

In accordance with the above, Defendant Signature Brands, Inc., improperly named as Mr. Coffee and Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc. prays that this Court enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 347th Judicial District of Nueces County, Texas. Defendant further prays for such other relief as it may be justly entitled to receive at law or in equity.

Respectfully submitted,

Jack C. Partridge
State Bar No. 15534600
Federal I.D. No. 10470
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 FAX

ATTORNEY FOR DEFENDANT, SIGNATURE BRANDS, INC. AND MR. COFFEE

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this 10th day of March, 2000.

**VIA CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

Brad M. Gordon
GROTEFELD & DENENBERG, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603

Nancy Simonson
CANALES & SIMONSON
P.O. BOX 5624
2601 Morgan Avenue
Corpus Christi, Texas 78465

Of Royston, Rayzor, Vickery & Williams, L.L.P.

ClibPDF - www.fastio.com

**CAUSE NO. 99-4402-H**

| | | |
|---|---|---|
| **FRANCES JOHNSON,** | ) | |
| *Plaintiff,* | ) | **IN THE DISTRICT COURT** |
| **v.** | ) | **347 JUDICIAL DISTRICT** |
| **MR. COFFEE., a wholly owned subsidiary of SUNBEAM PRODUCTS, INC., formerly known as SUNBEAM CORPORATION, and MR. COFFEE** | ) | **NUECES COUNTY, TEXAS** |
| *Defendants.* | ) | |

## PLAINTIFF'S AMENDED PETITION

NOW COMES Plaintiff, Frances Johnson (hereinafter "Johnson"), by and through her attorneys BRAD M. GORDON of GROTEFELD & DENENBERG, L.L.C. and, NANCY SIMONSON of CANALES & SIMONSON, and as its amended complaint against Defendant Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., a foreign corporation, and Sunbeam Sunbeam Products, Inc., states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this court and venue is proper in Nueces County because the cause of action or part thereof accrued in Nueces County, Robstown, Texas.

### II. PARTIES

2. Plaintiff, Frances Johnson, is a resident of the City of Robstown, Nueces County, Texas.

3. Defendant, Mr. Coffee, a wholly owned subsidiary of SUNBEAM PRODUCTS, INC., formerly known as SUNBEAM CORPORATION , is a nonresident entity that has no registered agent for service of process in Texas, but is doing business in Texas. Defendant, Sunbeam Products, Inc.,

JAN 31 2 23 PM '00



13. The coffee maker was otherwise defective and was unreasonably dangerous to Johnson, who was a reasonably intended user or consumer of the product.

14. The fire caused damage to Johnson's home and contents, as well as resulting in expenses related to repair of the structure, replacement of contents contained in the dwelling and related living expenses in an amount in excess of the minimum jurisdiction limits of the court.

**Count I**
**Breach of Implied Warranty: Merchantability**

15. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count I.

16. Mr. Coffee and Sunbeam implied a warranty to Johnson that the coffee maker was of merchantable quality.

17. The coffee maker manufactured or distributed by Mr. Coffee and Sunbeam was not of merchantable quality in one or more of the following ways:

a) it was defectively designed;
b) it was defectively manufactured;
c) it was improperly inspected; and
d) it was improperly tested.

18. This defendant was notified by Johnson of the defective condition of the coffee maker within a reasonable time after the defect(s) was determined.

19. As a direct and proximate result of Mr. Coffee and Sunbeam's breach of implied warranty of merchantability, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson requests judgment be entered in its favor and against Defendant, Sunbeam and Mr. Coffee, in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

ClibPDF - www.fastio.com

**Count II**
**Breach of Implied Warranty: Fitness for a Particular Purpose**

20. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count II.

21. Before Johnson purchased the coffee maker, Mr. Coffee and Sunbeam either knew or should have known the purpose for which the coffee maker would be used.

22. Johnson relied upon the Defendant's skill and judgment in designing and manufacturing coffee makers of this type.

23. The coffee maker manufactured by or for Mr. Coffee was unfit for the purpose for which it was intended in one or more of the following ways:

a) the coffee maker was defectively designed;
b) the coffee maker was defectively manufactured;
c) the coffee maker was improperly inspected; and
d) the coffee maker was improperly tested.

24. The defendant was notified of the defective condition of the coffee maker within a reasonable time after the defect(s) was determined.

25. As a direct and proximate result of Sunbeam and Mr. Coffee's breach of implied warranty of merchantability, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in an amount in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendants Sunbeam and Mr. Coffee, in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

ClibPDF - www.fastio.com

**Count III**
**Strict Product Liability**

26. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count III.

27. The coffee maker was unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of Defendant in one or more of the following ways:

a) the coffee maker was defectively designed;
b) the coffee maker was defectively manufactured;
c) the coffee maker was improperly inspected; and
d) the coffee maker was improperly tested.

28. Mr. Coffee and Sunbeam failed to warn foreseeable users of the coffee maker, including Johnson, of the dangerous propensities of the coffee maker.

29. Mr. Coffee and Sunbeam had a duty not to sell or supply products, including the coffee maker in question, in a defective condition that was unreasonably dangerous to expected consumers or users when used in a reasonably expected manner.

30. As a direct and proximate result of Sunbeam and Mr. Coffee's breach of the above duties, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in an amount in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendants Mr. Coffee and Sunbeam, in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

**Count IV**
**Negligence**

31. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count IV.

ClibPDF - www.fastio.com

32. At all material times, Mr. Coffee and Sunbeam were under a duty to exercise reasonable care for the safety of Johnson's real and personal property.

33. Mr. Coffee and Sunbeam and its agents and employees breached their respective duties by one or more of the following acts or omissions:

a) failed to properly design the coffee maker;
b) failed to properly manufacture the coffee maker;
c) failed to properly inspect the coffee maker; and
d) failed to properly test the coffee maker.

34. As a direct and proximate result of Mr. Coffee/Sunbeam Products, Inc.'s breach of duty, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in the amount in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendants Sunbeam and Mr. Coffee., in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

Respectfully submitted,

FRANCES JOHNSON,

By: [signature]
NANCY M. SIMONSON

Brad M. Gordon
GROTEFELD & DENENBERG, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603
(312) 551-0200

and

Nancy Simonson
CANALES & SIMONSON
P.O. Box 5624
2601 Morgan Avenue
Corpus Christi, TX 78465
(361) 883-0601

ClibPDF - www.fastio.com

INFORMATION FOR ISSUANCE OF . VICE

REQUEST SERVICE TO BE ISSUED IN:

CASE NUMBER: 99-4402-H

INSTRUMENT TO BE SERVED: Pltfs' Amnd Petition

DATE REQUESTED: 1 31 00
MONTH DAY YEAR

SERVICE BY (CHECK ONE)
CONSTABLE/SHERIFF ____ RETURN TO ATTORNEY BY MAIL ____

CERTIFIED MAIL ____ PICK UP BY ATTORNEY/PROCESS SERVER ✓

CITATION BY POSTING AT COURTHOUSE DOOR (# OF DAYS TO BE POSTED) ____

CITATION BY PUBLICATION (NAME OF PAPER) ____
(# OF DAYS TO BE PUBLISHED) ____

SERVICE TO BE ISSUED ON: (PLEASE PRINT INFORMATION)

1.) NAME: ____
ADDRESS: ____
AGENT (IF APPLICABLE): ____

2.) NAME: ____
ADDRESS: ____
AGENT (IF APPLICABLE): ____

SERVICE REQUESTED BY:

NAME: ____

ADDRESS: ____

PHONE NUMBER: ____

*FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING(S) WITH THE EXCEPTION OF SEC. OF STATE, COM. OF INSUR., TX. DEPT. OF TRANS., AND THE HAGUE CONVENTION.

NOTES:

for X [signature]
SIGNATURE OF AGENT REQUESTING SERVICE

X 883-0101
PHONE NUMBER

JAN 31 12 32 PM '00

COPY

Citation for Personal Service - RESIDENT

Lit. Seq. # 5.005.01

No. 99-04402-00-0-H

THE STATE OF TEXAS

NOTICE TO DEFENDANT : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
SUNBEAM PRODUCTS, INC.
BY SERVING ITS REGISTERED AGENT
C.T. CORPORATION, 350 N. ST. PAUL STREET
DALLAS, TEXAS 75201
the DEFENDANT , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 347th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said PLT'S AMD PETITION was filed on JANUARY 31, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 99-04402-00-0-H.
The style of the case is:

JOHNSON, FRANCES
VS.
BLACK & DECKER (U.S.) INC., ET AL

Said petition was filed in said court by NANCY M. SIMONSON (Attorney for PLAINTIFF ), whose address is P O BOX 5624, CORPUS CHRISTI TX 78465-5624

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 1st day of FEBRUARY , A.D. 2000.

COPY ONLY
NOT VALID FOR SERVICE

OSCAR SOLIZ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By:____________________, Deputy
YVONNE N. GARCIA

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of __________, 19___, at ______ o'clock __.M., and executed (not executed) on the _____ day of __________, 19___, by delivering to ________________________________________ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the ________________________________________.

Cause of failure to execute this citation is: ________________________________________
________________________________________.

FEES serving 1 copy

Total....... $__________

Fees paid by:________________________

________________________________________
Sheriff/constable ______________ County, TEXAS

By ____________________________ Deputy

---

# A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at ______ o'clock __.M., on the _____ day of __________, 19___.

Executed at ______________________________ in ______________ County, Texas at ______ o'clock __.M., on the _____ day of __________, 19___, by delivering to ________________________________________ defendant, in person, a true copy of the Citation together with the accompanying ______ copy(ies) of the ________________________________________ Petition attached thereto and I endorsed on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of __________, 19___.

________________________________________

______________________ County, Texas

by ______________________________
Process Server

______________________________
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of __________, 19___.

________________________________________
Notary Public - State of Texas
in and for ______________________

Commission expires:______________

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCES JOHNSON,<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO.__________ |
| MR. COFFEE, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, and Mr. Coffee | §<br>§<br>§<br>§ | |

## INDEX OF DOCUMENTS

1. List of all Counsel of Record
2. Court Civil Docket Sheet in Cause No. Cause No.99-4402-H
3. Plaintiffs' Amended Original Petition in Cause No.99-4402-H
4. Notice of Removal filed in State Court and served on Plaintiffs

ClibPDF - www.fastio.com

1

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCES JOHNSON, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | CIVIL ACTION NO.__________ |
| MR. COFFEE, a wholly owned | § | |
| subsidiary of Sunbeam Products, | § | |
| Inc., formerly known as Sunbeam | § | |
| Corporation, and Mr. Coffee | § | |

**LIST OF COUNSEL OF RECORD**

**For the Plaintiff:**

Brad M. Gordon
Grotefeld & Denenberg, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603
(312) 551-0200
(312) 551-0264 facsimile

Nancy Simonson
Canales & Simonson
P.O. Box 5624
2601 Morgan Avenue
Corpus Christi, Texas 78465
(361) 883-0601
(361) 884-7023 facsimile

**For the Defendant, Signature Brands, Inc.:**

Jack C. Partridge
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 facsimile

46865:911230.1:022400

ClibPDF - www.fastio.com

2

ClibPDF - www.fastio.com

RUN DATE 03/[illegible]
RUN TIME [illegible]

JOHNSTON, FRANCES

VS

BLACK & DECKER (U S ) INC ET AL

* * DOCKET ENTRIES * * *

* * * DOCUMENTS FILED * * *

08/13/1999 ORIGINAL PETITION FILED
08/13/1999 JURY FEE PD BY BRAD M GORDON
08/13/1999 REQ FOR SVC SHEET/FF
08/16/1999 CIVIL CASE INFO SHEET/FF
08/18/1999 CITATION (PU) BLACK & DECKER (U S ), INC
08/18/1999 SERVED UNSERVED FILED 11/05/1999
01/31/2000 PLTF'S AMD PTN/SC (FS)
01/31/2000 SVC INFO SHEET/SC
01/31/2000 PLT MTN F LEAVE T SERVE DFT MR COFFEE A WHOLLY O CO
SUBS O
01/31/2000 SUNBEAM PRODUCT INC FORMERLY KNOWN SUNBEAM CORP/SC
02/01/2000 CITATION (PU) SUNBEAM PRODUCTS, INC
02/01/2000 SERVED 02/15/2000 FILED 02/21/2000

ClibPDF - www.fastio.com

3

ClibPDF - www.fastio.com

CAUSE NO. 99-4402-H

| | | |
|---|---|---|
| FRANCES JOHNSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | IN THE DISTRICT COURT |
| | ) | |
| v. | ) | |
| | ) | 347 JUDICIAL DISTRICT |
| MR. COFFEE., a wholly owned subsidiary of SUNBEAM PRODUCTS, INC., formerly known as SUNBEAM CORPORATION, and MR. COFFEE | ) | NUECES COUNTY, TEXAS |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S AMENDED PETITION**

NOW COMES Plaintiff, Frances Johnson (hereinafter "Johnson"), by and through her attorneys BRAD M. GORDON of GROTEFELD & DENENBERG, L.L.C. and, NANCY SIMONSON of CANALES & SIMONSON, and as its amended complaint against Defendant Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., a foreign corporation, and Sunbeam Sunbeam Products, Inc., states as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this court and venue is proper in Nueces County because the cause of action or part thereof accrued in Nueces County, Robstown, Texas.

## II. PARTIES

2. Plaintiff, Frances Johnson, is a resident of the City of Robstown, Nueces County, Texas.

3. Defendant, Mr. Coffee, a wholly owned subsidiary of SUNBEAM PRODUCTS, INC., formerly known as SUNBEAM CORPORATION, is a nonresident entity that has no registered agent for service of process in Texas, but is doing business in Texas. Defendant, Sunbeam Products, Inc.,

JAN 31 2 23 PM '00

is a Delaware Corporation, whose corporate office is located at 2381 Executive Center Drive, Boca Raton, Florida 33431. Said Defendant can be served with citation, by serving its registered agent for service of process at C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

## III. CASE LEVEL

4. This case presents at a level II.

## IV. FACTUAL ALLEGATIONS

5. On April 22, 1997, Johnson purchased a Sunbeam Mr. Coffee coffee maker (hereinafter "the coffee maker") at a Wal-Mart Super Store in Corpus Christi, Texas for use in her home.

6. The coffee maker was designed, sold and/or distributed to United States retailers by Mr. Coffee. At all times relevant, Mr. Coffee was a foreign corporation doing business in the State of Texas and other states in the United States. Upon information and belief, Mr. Coffee is a wholly owned subsidiary of Sunbeam Products, Inc.

7. Upon information and belief, the coffee maker was manufactured by Mr. Coffee or for Mr. Coffee.

8. Upon purchase of the coffee maker, Johnson plugged it into an electrical outlet in the kitchen of her home.

9. Thereafter, Johnson used the coffee maker for its intended purpose of making coffee.

10. On August 14, 1997, a fire occurred at the Johnson home located in Robstown, Texas.

11. The point of origin of this fire was in the kitchen and involved the coffee maker that was plugged into an electrical outlet.

12. The fire was caused by multiple internal failures in the electric circuitry of the coffee maker.

13. The coffee maker was otherwise defective and was unreasonably dangerous to Johnson, who was a reasonably intended user or consumer of the product.

14. The fire caused damage to Johnson's home and contents, as well as resulting in expenses related to repair of the structure, replacement of contents contained in the dwelling and related living expenses in an amount in excess of the minimum jurisdiction limits of the court.

**Count I**
**Breach of Implied Warranty: Merchantability**

15. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count I.

16. Mr. Coffee and Sunbeam implied a warranty to Johnson that the coffee maker was of merchantable quality.

17. The coffee maker manufactured or distributed by Mr. Coffee and Sunbeam was not of merchantable quality in one or more of the following ways:

a) it was defectively designed;
b) it was defectively manufactured;
c) it was improperly inspected; and
d) it was improperly tested.

18. This defendant was notified by Johnson of the defective condition of the coffee maker within a reasonable time after the defect(s) was determined.

19. As a direct and proximate result of Mr. Coffee and Sunbeam's breach of implied warranty of merchantability, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson requests judgment be entered in its favor and against Defendant, Sunbeam and Mr. Coffee, in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

ClibPDF - www.fastio.com

**Count II**
**Breach of Implied Warranty: Fitness for a Particular Purpose**

20. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count II.

21. Before Johnson purchased the coffee maker, Mr. Coffee and Sunbeam either knew or should have known the purpose for which the coffee maker would be used.

22. Johnson relied upon the Defendant's skill and judgment in designing and manufacturing coffee makers of this type.

23. The coffee maker manufactured by or for Mr. Coffee was unfit for the purpose for which it was intended in one or more of the following ways:

a) the coffee maker was defectively designed;
b) the coffee maker was defectively manufactured;
c) the coffee maker was improperly inspected; and
d) the coffee maker was improperly tested.

24. The defendant was notified of the defective condition of the coffee maker within a reasonable time after the defect(s) was determined.

25. As a direct and proximate result of Sunbeam and Mr. Coffee's breach of implied warranty of merchantability, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in an amount in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendants Sunbeam and Mr. Coffee, in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

ClibPDF - www.fastio.com

**Count III**
**Strict Product Liability**

26. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count III.

27. The coffee maker was unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of Defendant in one or more of the following ways:

a) the coffee maker was defectively designed;
b) the coffee maker was defectively manufactured;
c) the coffee maker was improperly inspected; and
d) the coffee maker was improperly tested.

28. Mr. Coffee and Sunbeam failed to warn foreseeable users of the coffee maker, including Johnson, of the dangerous propensities of the coffee maker.

29. Mr. Coffee and Sunbeam had a duty not to sell or supply products, including the coffee maker in question, in a defective condition that was unreasonably dangerous to expected consumers or users when used in a reasonably expected manner.

30. As a direct and proximate result of Sunbeam and Mr. Coffee's breach of the above duties, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in an amount in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendants Mr. Coffee and Sunbeam, in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

**Count IV**
**Negligence**

31. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count IV.

ClibPDF - www.fastio.com

32. At all material times, Mr. Coffee and Sunbeam were under a duty to exercise reasonable care for the safety of Johnson's real and personal property.

33. Mr. Coffee and Sunbeam and its agents and employees breached their respective duties by one or more of the following acts or omissions:

a) failed to properly design the coffee maker;
b) failed to properly manufacture the coffee maker;
c) failed to properly inspect the coffee maker; and
d) failed to properly test the coffee maker.

34. As a direct and proximate result of Mr. Coffee/Sunbeam Products, Inc.'s breach of duty, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in the amount in excess of the minimum jurisdictional limits of this court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendants Sunbeam and Mr. Coffee., in an amount in excess of the minimum jurisdictional limits of this court, plus costs and for such other or further relief as this court deems equitable and just.

Respectfully submitted,

FRANCES JOHNSON,

By: ______________________
NANCY M. SIMONSON

Brad M. Gordon
GROTEFELD & DENENBERG, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603
(312) 551-0200

and

Nancy Simonson
CANALES & SIMONSON
P.O. Box 5624
2601 Morgan Avenue
Corpus Christi, TX 78465
(361) 883-0601

Citation for Personal Service - RESIDENT ORIG

Lit. Seq. # 5.005.01

No. 99-04402-00-0-H

THE STATE OF TEXAS

NOTICE TO DEFENDANT : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
SUNBEAM PRODUCTS, INC.
BY SERVING ITS REGISTERED AGENT
C.T. CORPORATION, 350 N. ST. PAUL STREET
DALLAS, TEXAS 75201
the DEFENDANT , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 347th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said PLT'S AMD PETITION was filed on JANUARY 31, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 99-04402-00-0-H.
The style of the case is:

JOHNSON, FRANCES
VS.
BLACK & DECKER (U.S.) INC., ET AL

Said petition was filed in said court by NANCY M. SIMONSON (Attorney for PLAINTIFF ), whose address is P O BOX 5624, CORPUS CHRISTI TX 78465-5624

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 1st day of FEBRUARY , A.D. 2000.

FEB 21 9 42 AM '00

OSCAR SOLIZ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: , Deputy
YVONNE N. GARCIA

ClibPDF - www.fastio.com

CAUSE NO. 99-4402-H

| | | |
|---|---|---|
| **FRANCES JOHNSON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **347th JUDICIAL DISTRICT** |
| **BLACK & DECKER (U.S.) INC., a wholly owned subsidiary of SUNBEAM CORPORATION,** | § § § | |
| | § | |
| *Defendant.* | § | **NUECES COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

NOW COMES Plaintiff, Frances Johnson (hereinafter "Johnson"), by and through her attorneys BRAD M. GORDON of GROTEFELD & DENENBERG, L.L.C. and, NANCY SIMONSON of CANALES & SIMONSON, and as its complaint against Defendant BLACK & DECKER, INC. a wholly owned subsidiary of Sunbeam Corporation, a foreign corporation, states as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this court and venue is proper in Nueces County because the cause of action or part thereof accrued in Nueces County, Robstown, Texas.

## II. PARTIES

2. Plaintiff, Frances Johnson, is a resident of the City of Robstown, Nueces County, Texas.

3. Defendant, Black and Decker (U.S.), Inc., a wholly owned subsidiary of SUNBEAM CORPORATION, is a Delaware Corporation whose corporate office is located at 701 East Joppa Road, Suite TW285, Baltimore, Maryland 21286. Said Defendant may be served with citation through its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## III. CASE LEVEL

4.      This case presents at a Level II.

## IV. FACTUAL ALLEGATIONS

5.      On April 22, 1997, Johnson purchased a Black & Decker Mr. Coffee coffee maker (hereinafter "the coffee maker") at a Wal-Mart Super Store in Corpus Christi, Texas for use in her home.

6.      The coffee maker was designed, sold and/or distributed to United States retailers by Black & Decker.  At all times relevant, Black & Decker was a foreign corporation doing business in the State of Texas and other states in the United States.  Upon information and belief, Black & Decker is a wholly owned subsidiary of Sunbeam Corporation.

7.      Upon information and belief, the coffee maker was manufactured by Black & Decker or for Black & Decker.

8.      Upon purchase of the coffee maker, Johnson plugged it into an electrical outlet in the kitchen of her home.

9.      Thereafter, Johnson used the coffee maker for its intended purpose of making coffee.

10.      On August 14, 1997 a fire occurred at the Johnson home located in Robstown, Texas.

11.      The point of origin of this fire was in the kitchen and involved the coffee maker that was plugged into an electrical outlet.

12.      The fire was caused by multiple internal failures in the electric circuitry of the coffee maker.

13.      The coffee maker was otherwise defective and was unreasonably dangerous to Johnson, who was a reasonably intended user or consumer of the product.

14.      The fire caused damage to Johnsons' home and contents, as well as resulting in

expenses related to repair of the structure, replacement of contents contained in the dwelling and related living expenses in an amount in excess of the minimum jurisdiction limits of the Court.

## V. CAUSES OF ACTION

### Breach of Implied Warranty: Merchantability

15. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein.

16. Black & Decker implied a warranty to Johnson that the coffee maker was of merchantable quality.

17. The coffee maker manufactured or distributed by Black & Decker was not of merchantable quality in one or more of the following ways:

a) it was defectively designed;
b) it was defectively manufactured;
c) it was improperly inspected; and
d) it was improperly tested.

18. This defendant was notified by Johnson of the defective condition of the coffee maker within a reasonable time after the defect(s) was determined.

19. As a direct and proximate result of Black & Decker's breach of implied warranty of merchantability, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in excess of the minimum jurisdictional limits of the Court.

WHEREFORE, Frances Johnson requests judgment be entered in favor and against Defendant, Black & Decker, Inc., in an amount in excess of the minimum jurisdictional limits of the Court, plus costs and for such other or further relief as this court deems equitable and just.

### Breach of Implied Warranty: Fitness for a Particular Purpose

20. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein.



ClibPDF - www.fastio.com

21. Before Johnson purchased the coffee maker, Black & Decker either knew or should have known the purpose for which the coffee maker would be used.

22. Johnson relied upon the Defendant's skill and judgment in designing and manufacturing coffee makers of this type.

23. The coffee maker manufactured by or for Black & Decker was unfit for the purpose for which it was intended in one or more of the following ways:

a) the coffee maker was defectively designed;
b) the coffee maker was defectively manufactured;
c) the coffee maker was improperly inspected; and
d) the coffee maker was improperly tested.

24. The defendant was notified of the defective condition of the coffee maker within a reasonable time after the defect(s) was determined.

25. As a direct and proximate result of Black & Decker's breach of implied warranty of merchantability, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in an amount in excess of the minimum jurisdictional limits of the Court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendant, Black & Decker, Inc., in an amount in excess of the minimum jurisdictional limits, plus costs and for such other or further relief as this court deems equitable and just.

**Strict Product Liability**

26. Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein.

27. The coffee maker was unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of Defendant in one or more of the following ways:

a) the coffee maker was defectively designed;
b) the coffee maker was defectively manufactured;

c)   the coffee maker was improperly inspected; and
d)   the coffee maker was improperly tested.

28.   Black & Decker failed to warn foreseeable users of the coffee maker, including Johnson, of the dangerous propensities of the coffee maker.

29.   Black & Decker had a duty not to sell or supply products, including the coffee maker in question, in a defective condition that was unreasonably dangerous to expected consumers or users when used in a reasonably expected manner.

30.   As a direct and proximate result of Black & Decker's breach of the above duties, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in an amount in excess of the minimum jurisdictional limits of the Court.

WHEREFORE, Frances Johnson, requests judgment be entered in its favor and against Defendant Black & Decker, Inc., in an amount in excess of minimum jurisdictional limits of the Court, plus costs and for such other or further relief as this court deems equitable and just.

## Negligence

31.   Plaintiff Johnson herein incorporates by reference the allegations of paragraphs 1-10 as if fully set forth herein of this Count IV.

32.   At all material times, Black & Decker was under a duty to exercise reasonable care for the safety of Johnsons' real and personal property.

33.   Black & Decker and its agents and employees breached their respective duties by one or more of the following acts or omissions:

a)   failed to properly design the coffee maker;
b)   failed to properly manufacture the coffee maker;
c)   failed to properly inspect the coffee maker; and
d)   failed to properly test the coffee maker.

34.   As a direct and proximate result of Black & Decker's breach of duty, Johnson suffered damages, including costs of construction, contents replacement and associated living expenses in the

amount in excess of the minimum jurisdictional limits of the Court.

## Deceptive Trade Practices Act

35.     Plaintiff incorporates paragraphs 1 through 34 as though recited verbatim herein.

36.     This cause is brought pursuant to TEX. BUS. & COM. CODE section 17.41 et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this petition as the "DPTA".

37.     Defendant has been sent notice, but due to the necessity to file this action in accordance with the statute of limitations set forth in the TEX. PRAC. & REM. CODE section 16, suit is being filed before Defendant has received the sixty-day statutory notice.  Defendant is aware of the claim and has been notified thereof, but not in strict compliance with the DTPA requirements set forth in section 17.05(a).

38.     The facts set forth in the preceding paragraphs give rise to allegations under the DPTA that the defendant, who at all material times was a manufacturer in the business of making and marketing and selling coffee makers, engaged in false, misleading or deceptive acts or practices when it represented that the product was usable for a specific purpose and that it was safe.   The representations were false or misleading or deceptive in the following manners:

      a.      Breach of implied warranty because of the inherent defect in the coffee maker, which said defect existed at the time the coffee maker was sold although not discovered until later.  Therefore, the coffee maker was not merchantable in that it would not pass without objection in the trade under the description and it was not fit for the ordinary purpose for which the coffee maker is to be used.

    b.      Defendant falsely represented the characteristics, uses, benefits, standard and quality of the merchandise and these representations were false, misleading and deceptive as defined in DTPA section 17.46(b)(5).

39.      Plaintiff relied on these representations to her detriment.

40.      The conduct described in the foregoing paragraphs was a producing and proximate cause of damages to Plaintiff. The amount of Plaintiff's damages exceeds the minimum jurisdictional limits of the Court.

41.      The actual damages incurred by Plaintiff include the reasonable cost of repairing and replacing her home, the out of pocket expenditures reasonably incurred by the loss, the loss of use of her home and personalty, and mental anguish caused by the loss of her home.

42.      In addition, Plaintiff is entitled to recover two times that portion of her actual damages which do not exceed $1,000.00 pursuant to DTPA section 17.50(b)(1).

43.      Plaintiff seeks all reasonable and necessary attorney's fees in this case which include the following:

    (a)    Preparation and trial of this lawsuit; and
    (b)    Post-trial, pre-appeal legal services; and
    (c)    An appeal to the court of appeals; and
    (d)    Making or responding to an application for writ of error to the Supreme Court of Texas; and
    (e)    An appeal to the Supreme Court of Texas in the event application for writ of error is granted; and
    (f)    Post judgment discovery and collection in the event execution on judgment is necessary.

44.      Plaintiff demands judgment against defendant for all actual damages and attorneys fees, and all statutory additional and exemplary damages as set forth above and in accordance with

the DTPA, costs of court, and prejudgment and postjudgment interest at the highest lawful rates.

WHEREFORE, Frances Johnson, Plaintiff requests that defendant be cited according to law to appear and answer, and requests judgment be entered in its favor and against Defendant Black & Decker, Inc., in an amount in excess of the minimum jurisdictional limits of the Court, plus costs and for such other or further relief as this court deems equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL. PLAINTIFF'S JURY FEE IS TENDERED WITH THIS PETITION.**

Respectfully submitted,

Brad M. Gordon
State Bar No. 6100738
**GROTEFELD & DENENBERG, L.L.C.**
100 West Monroe, Suite 1800
Chicago, Illinois 60603
Telephone:     (312) 551-0200
Facsimile:     (312) 551-0264

Nancy Simonson
State Bar No. 18397500
Jo Ellen Hewins
State Bar No. 09367857
**CANALES & SIMONSON, P.C.**
P.O. Box 5624
2601 Morgan Avenue
Corpus Christi, Texas 78465
Telephone:     (361)883-0601
Facsimile:     (361) 884-7023

Citation for Personal Service - RESIDENT

Lit. Seq. # 5.002.01

No. 99-04402-00-0-H

THE STATE OF TEXAS

NOTICE TO DEFENDANT : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
BLACK & DECKER (U.S.), INC. A WHOLLY OWNED SUBSIDIARY OF SUNBEAM CORPORATION
BY SEREVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201
the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 347th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said PETITION was filed on AUGUST 13, 1999. A copy of same accompanies this citation.

The file number of said suit being No. 99-04402-00-0-H.
The style of the case is:

JOHNSON, FRANCES
VS.
BLACK & DECKER (U.S.) INC., ET AL

Said petition was filed in said court by BRAD M. GORDON (Attorney for PLAINTIFF), whose address is 100 WEST MONROE, SUITE 1800, CHIGAGO, ILLINOIS 60603

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 18th day of AUGUST, A.D. 1999.

DISTRICT COURT OF NUECES COUNTY, TEXAS

OSCAR SOLIZ, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: [signature], Deputy
YVONNE N. GARCIA

CAUSE NO. 99-4402-H

| | | |
|---|---|---|
| FRANCES JOHNSON, *Plaintiff,* | ) | IN THE DISTRICT COURT |
| v. | ) | 347 JUDICIAL DISTRICT |
| MR. COFFEE., a wholly owned subsidiary of SUNBEAM PRODUCTS, INC., formerly known as SUNBEAM CORPORATION, and MR. COFFEE *Defendants.* | ) | NUECES COUNTY, TEXAS |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT, MR. COFFEE, A WHOLLY OWNED SUBSIDIARY OF SUNBEAM PRODUCTS, INC. FORMERLY KNOWN AS SUNBEAM CORPORATION**

NOW COMES Plaintiff, Frances Johnson (hereinafter "Johnson"), by and through her attorneys BRAD M. GORDON of GROTEFELD & DENENBERG, L.L.C. and, NANCY SIMONSON of CANALES & SIMONSON, and as its Motion, states as follows:

1. Plaintiff timely filed suit on August 14, 1999, and timely served the defendant in the case captioned Frances Johnson v. Black & Decker, a wholly owned subsidiary of Sunbeam Corporation.

2. Black & Decker has not filed an appearance or responsive pleading in this matter to date.

3. Sunbeam and Mr. Coffee were aware of this claim within 12 months after the date of the loss and have already inspected the evidence retained from the scene.

4. Defendants Sunbeam and Mr. Coffee will not be prejudiced by delayed service in this matter.

JAN 31 2 22 PM '00

WHEREFORE, Frances Johnson, requests this court allow Plaintiff additional time to serve Defendants Sunbeam and Mr. Coffee.

Respectfully submitted,

FRANCES JOHNSON,

By: ______________________
NANCY M. SIMSONSON

Brad M. Gordon
GROTEFELD & DENENBERG, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603
312-551-0200

and

Nancy Simonson
CANALES & SIMONSON
P.O. Box 5624
2601 Morgan Avenue
Corpus Christi, TX 78465
(361)883-0601

4

ClibPDF - www.fastio.com

**Cause No. 99-4402-H**

| | | |
|---|---|---|
| **FRANCES JOHNSON, PLAINTIFF** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **NUECES COUNTY, TEXAS** |
| | § | |
| | § | |
| **MR. COFFEE, A WHOLLY OWNED SUBSIDIARY OF SUNBEAM PRODUCTS, INC.,FORMERLY KNOWN AS SUNBEAM CORPORATION, AND MR. COFFEE** | § | |
| | § | |
| | § | |
| | § | **347TH JUDICIAL DISTRICT** |

**NOTICE OF REMOVAL**

TO: Plaintiff, Frances Johnson, by and through her attorneys, Brad M. Gordon, Grotefeld & Denenberg, L.L.C., 100 West Monroe, Suite 1800, Chicago, Illinois 60603 and Nancy Simonson, Canales & Simonson, P.O. Box 5624, 2601 Morgan Avenue, Corpus Christi, Texas 78465

You are hereby notified that on the 8th day of March, 2000, Defendant in the above-entitled and numbered cause, Signature Brands, Inc., improperly named as Mr. Coffee and Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, its Notice of Removal, a copy of which (without exhibits) is attached hereto as Exhibit "A", for the purposes of removing the above-entitled and numbered cause to the District Court of the United States for the Southern District of Texas, Corpus Christi Division and filed with the District Clerk of Nueces County, Texas, a copy of said notice thereby removing same.

ClibPDF - www.fastio.com

Respectfully submitted,

Jack C. Partridge
State Bar No. 15534600
Fed. I.D. No. 10470
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 - Facsimile

ATTORNEY FOR DEFENDANT,
SIGNATURE BRANDS, INC.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this 15 day of March, 2000.

**CERTIFIED MAIL**
**Return Receipt Requested**

Brad M. Gordon
Grotefeld & Denenberg, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603

Nancy Simonson
Canales & Simonson
P.O. Box 5624
2601 Morgan Avenue
Corpus Christi, Texas 78465

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

Case 2:00-cv-00105 Document 1 Filed in TXSD on 03/10/2000 Page 42 of 42

Allstate®

ALLSTATE TEXAS LLOYDS COMPANY 01/04/99
P.O. BOX 21169
ROANOKE VA 24018

MR COFFEE SUNBEAM
2477 MILES ROAD
BEDFORD HEIGHTS OH 44146

IN REPLY REFER TO:

CLAIM NUMBER: 8200112038 DRH
OUR INSURED: FRANCES F JOHNSON
ACCIDENT DATE: 08/14/97
LOCATION: WILLIAMS RD AT RESIDENCE ROBSTOWN TX
AMOUNT OF LOSS: $ 100,739.99

OUR INVESTIGATION OF THE LOSS IN WHICH YOU WERE INVOLVED INDICATES THAT YOU ARE RESPONSIBLE FOR THE DAMAGES SUSTAINED BY OUR POLICYHOLDER.

WE HAVE MADE A SETTLEMENT WITH OUR INSURED AND OUR INSURED'S CLAIM AGAINST YOU HAS BEEN ASSIGNED TO US.

IF YOU ARE NOT INSURED FOR THIS LOSS, PLEASE CONTACT THIS OFFICE TO NEGOTIATE PAYMENT.

IF YOUR INSURANCE DOES COVER THIS LOSS, JUST FILL IN THE INFORMATION ABOUT YOUR INSURANCE COMPANY BELOW AND RETURN THIS LETTER IN THE ENCLOSED ENVELOPE. WE WILL THEN GET IN TOUCH WITH YOUR INSURANCE COMPANY.

SINCERELY,
RECOVERY DEPARTMENT
ALLSTATE TEXAS LLOYDS COMPANY

CAD:M

I CARRY INSURANCE POLICY NO. ____________________
WITH
NAME OF COMPANY____________________
AGENT
MY ADJUSTER (CHOOSE ONE) IS____________________
MY CLAIM NO IS____________________
ADDRESS____________________

I HAVE REPORTED (OR WILL REPORT) THIS LOSS TO MY INSURANCE COMPANY ______ YES ______ NO

SIGNED:____________________ DATE__________

ClibPDF - www.fastio.com

