IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 10 2000

Michael N. Milby, Clerk

| | |
|---|---|
| FRANCES JOHNSON, <br> PLAINTIFF <br> <br> VS. <br> <br> MR. COFFEE, a wholly owned <br> subsidiary of Sunbeam <br> Products, Inc., formerly <br> known as Sunbeam Corporation <br> and MR. COFFEE | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §     C-00-105 <br>     CIVIL ACTION NO._____ |

## DEFENDANT SIGNATURE BRANDS INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW Defendant Signature Brands Inc., improperly named above as Mr. Coffee and Mr. Coffee, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation (hereinafter referred to as "Defendant"), and files this its Original Answer to Plaintiff's First Amended Original Petition (hereinafter "Petition"), and states as follows:

### I.

Defendant denies the allegations contained in paragraph 1 of the Petition.

### II.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 2 of the Petition and, therefore, those allegations are denied.

### III.

Defendant denies the allegations contained in paragraph 3 of the Petition.

46865:911323.1:030100

## IV.

Paragraph 4 of the Petition requires no answer.

## V.

Defendant is without significant knowledge to admit or deny the allegations set forth in paragraph 5 of the Petition and, therefore, those allegations are denied.

## VI.

Defendant denies the allegations contained in paragraph 6 of the Petition.

## VII.

Defendant denies the allegations contained in paragraph 7 of the Petition.

## VIII.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 8 of the Petition and, therefore, those allegations are denied.

## IX.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 9 of the Petition and, therefore, those allegations are denied.

## X.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 10 of the Petition and, therefore, those allegations are denied.

## XI.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 11 of the Petition and, therefore, those allegations are denied.

## XII.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 12 of the Petition and, therefore, those allegations are denied.

## XIII.

Defendant denies the allegations contained in paragraph 13 of the Petition.

## XIV.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 14 of the Petition and, therefore, those allegations are denied.

## XV.

Paragraph 15 of the Petition requires no answer.

## XVI.

Defendant denies the allegations contained in paragraph 16 of the Petition.

## XVII.

Defendant denies the allegations contained in paragraph 17 of the Petition.

## XVIII.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 18 of the Petition and, therefore, those allegations are denied.

## XIX.

Defendant denies the allegations contained in paragraph 19 of the Petition.

## XX.

Paragraph 20 of the Petition requires no answer.

## XXI.

Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 21 of the Petition and, therefore, those allegations are denied.

## XXII.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 22 of the Petition and, therefore, those allegations are denied.

## XXIII.

Defendant denies the allegations contained in paragraph 23 of the Petition.

## XXIV.

Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 24 of the Petition and, therefore, those allegations are denied.

## XXV.

Defendant denies the allegations contained in paragraph 25 of the Petition.

## XXVI.

Paragraph 26 of the Petition requires no answer.

## XXVII.

Defendant denies the allegations contained in paragraph 27 of the Petition.

## XXVIII.

Defendant denies the allegations contained in paragraph 28 of the Petition.

## XXIX.

Defendant denies the allegations contained in paragraph 29 of the Petition.

## XXX.

Defendant denies the allegations contained in paragraph 30 of the Petition.

## XXXI.

Paragraph 31 of the Petition requires no answer.

## XXXII.

Defendant denies the allegations contained in paragraph 32 of the Petition.

## XXXIII.

Defendant denies the allegations contained in paragraph 33 of the Petition.

## XXXIV.

Defendant denies the allegations contained in paragraph 34 of the Petition.

## XXXV.

Defendant denies any remaining allegations set forth in the Petition unless specifically admitted above.

## AFFIRMATIVE DEFENSES

Now Comes Defendant Signature Brands Inc., by and through its attorneys, Royston, Rayzor, Vickery & Williams, L.L.P., and in answer to the allegations of Plaintiff's Complaint, hereby asserts the following affirmative defenses upon which they will reply and which they will prove at or before the time of trial.

## XXXVI.

Plaintiff has failed to state a cause of action upon which relief can be granted.

## XXXVII.

The product at issue was changed, altered or modified to a condition different from that in which it was when it left the care, custody and control of the manufacturer and/or retailer for which the Defendant is not liable.

## XXXVIII.

The product at issue was abused, misused, improperly used, improperly maintained and/or damaged, subsequent to the time it left the care, custody and control of the manufacturer and/or retailer for which these Defendants are not liable.

## XXXIX.

The product at issue was subject to abnormal and/or unintended use which was unreasonable and not foreseeable by Defendant and for which Defendant is not liable.

## XL.

Insofar as Plaintiff is making a claim under the Uniform Commercial Code, Plaintiff failed to give Defendant notice within a reasonable amount of time after they discovered or should have discovered any alleged breach of contract.

## XLI.

That the damages sustained by Plaintiff, if any, were solely or partly the proximate result of the Plaintiff's own negligence and/or comparative negligence.

## XLII.

Plaintiff has failed to mitigate her damages.

## XLIII.

That no warranty, express or implied was made by this Defendant or arose by operation of law in favor of this Plaintiff as against this Defendant.

## XLIV.

That the injuries sustained by Plaintiff, if any, were solely or partly the result of the acts or omissions on the part of persons or entities other than this Defendant, who are not under the control of this defendant.

## XLV.

That Plaintiff failed to place Defendant on timely notice of the fire and that possibly a claim would be made against this Defendant so that Defendant could have a reasonable opportunity to timely inspect, photograph and otherwise document the property at issue before it was destroyed, altered and/or repaired, thereby resulting in severe prejudice to Defendant in the defense of this action.

## XLVI.

For further answer, the Defendant would show that the Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## XLVII.

For further answer, if any be necessary, the Defendant pleads that there was an intervening cause, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission complained of and the occurrence in question and, thereby, became the immediate cause of the occurrence.

## XLVIII.

For further answer herein, if any be necessary, the Defendant claims all credits and/or offsets that it may be entitled under Texas law.

## IL.

Defendant hereby gives notice to Plaintiff as stated in its Answer that it lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the Plaintiff's Complaint or specific knowledge of actions on the part of Plaintiff or other persons that contributed to or caused Plaintiff's damages. Until Defendant avails itself or its rights of discovery, it cannot be determined whether or not the above-stated Affirmative Defenses will be asserted at trial. Defendant asserts these defenses in their Answer and Affirmative defenses in order to preserve their right to assert their affirmative defenses at trial and to give Plaintiff notice of Defendants' intention to assert these defenses and avoid waiver of any defenses.

## L.

Defendant hereby reserves the right to add additional affirmative defenses as may become known to them during the course of discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant, prays that this Court dismiss the Plaintiff's First Amended Petition or, alternatively, allow this matter to proceed to trial, and that Defendant have judgment in its favor, together with costs, and that Defendant have such other and further relief, both special and general, at law and in equity, to which it may be entitled.

Respectfully submitted,

Jack C. Partridge
State Bar No. 15534600
Federal I.D. No. 10470
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
ATTORNEY FOR DEFENDANT,
SIGNATURE BRANDS, INC.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

46865:911323.1:030100                    -9-

## CERTIFICATE OF SERVICE

I certify that the foregoing was sent by the means indicated to the counsel listed below on this 10th day of March, 2000.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Brad M. Gordon
Grotefeld & Denenberg, L.L.C.
100 West Monroe, Suite 1800
Chicago, Illinois 60603

Nancy Simonson
Canales & Simonson
Post Office Box 5624
2601 Morgan Avenue
Corpus Christi, Texas 78465

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

46865:911323.1:030100                    -10-

ClibPDF - www.fastio.com