IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCES JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-105 |
| | § | |
| MR. COFFEE, a wholly owned | § | |
| subsidiary of Sunbeam Products, | § | |
| Inc., formerly known as Sunbeam | § | |
| Corporation, and MR. COFFEE, | § | |
| Defendant. | § | |

## ORDER OF REMAND

On this day came on to be considered a sua sponte remand. For the reasons stated herein, the Court ORDERS that the above styled cause of action be REMANDED.

### I. JURISDICTION

Defendant removed this cause to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. After a sua sponte examination and for the reasons stated herein, the Court FINDS that it lacks subject matter jurisdiction over this cause of action.

### II. FACTS AND PROCEEDINGS

On or about January 31, 2000, Plaintiff Frances Johnson filed suit against Defendant MR. COFFEE, a wholly owned subsidiary of Sunbeam Products, Inc., formerly known as Sunbeam Corporation, and MR. COFFEE, in Nueces County, Texas. Plaintiff alleges that she sustained damages to her home and contents as

well as expenses relating to the repair of her home, contents and living expenses as a result of an August 14, 1997 fire allegedly caused by a defect in a Sunbeam MR. COFFEE coffee maker that was allegedly plugged into an electrical outlet in Plaintiff's kitchen.  (2 Compl. at 2 and 3).  Nowhere in the pleadings are the damages described with greater specificity, nor does Plaintiff state the amount in controversy in the original complaint.  On March 10, 2000, the Defendant timely removed the suit to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Court now conducts a sua sponte examination of its subject matter jurisdiction over this matter.

## III. DISCUSSION

Removal is controlled by 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States... ."  28 U.S.C. § 1441(a).  It is well-settled that the removing party bears the burden of showing that the removal was proper.  <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).  This burden extends to demonstrating both the jurisdictional basis for removal and the compliance with the requirements of the removal statute.  <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365

2

(5th Cir. 1995); <u>Delgado v. Shell Oil Co.</u>, 890 F.Supp. 1324, 1341 (S.D. Tex. 1995); <u>Albonetti v. GAF Corp. - Chem. Group</u>, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. <u>See</u>, <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49 (1939); <u>Miranti v. Lee</u>, 3 F.3d 925, 928 (5th Cir. 1993); <u>Brown v. Southwestern Bell Tel. Co.</u>, 901 F.2d 1250, 1254 (5th Cir. 1990). The removal statutes are to be strictly construed against removal; doubts as to removability are resolved in favor of remanding the case to state court. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 61 S.Ct. 868 (1941); <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979); <u>Walters v. Grow Group, Inc.</u>, 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

Courts are required to determine sua sponte whether or not subject matter jurisdiction is properly conferred. <u>See</u>, <u>F.D.I.C. v. Loyd</u>, 955 F.2d 316, 322 (5th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, section 1447(c) makes it clear that a federal court must remand a case when it determines that subject matter jurisdiction is lacking. <u>Coleman v. Alcolac, Inc.</u>, 888 F.Supp. 1388, 1394 (S.D. Tex. 1995). Original

jurisdiction exists if there is diversity of citizenship, i.e., when complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402 (1978).

The Fifth Circuit has held that when the plaintiff's complaint does not specify an amount in controversy, the removing defendant must prove by the preponderance of the evidence that the amount in controversy exceeds $75,000. <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). A removing defendant should support federal jurisdiction by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that sustain a finding of the requisite amount. <u>Allen</u>, 63 F.3d at 1335. Removal cannot simply be based upon conclusory allegations. <u>Id.</u>; <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992). Furthermore, a "conclusory allegation of the jurisdictional amount in a removal petition should, and will, universally provoke ... <u>sua sponte</u> remand as is the Court's statutory duty under § 1447(c)." <u>Garza v. Bettcher Indus., Inc.</u>, 752 F.Supp. 753, 763 (E.D. Mich. 1990).

Here, the Plaintiff's state court petition is silent as to the amount in controversy and it cannot be determined from the petition that the damages are so severe as to exceed $75,000.00.

4

Defendant does not show that the minimum jurisdictional amount has been met. The Notice of Removal contains no facts supporting Defendant's allegation of the amount in controversy other than a pre-suit demand letter demanding an amount of $100,739.99.[1] Pre-suit demand letters are insufficient to establish the jurisdictional amount for the purposes of diversity jurisdiction where the Plaintiff's complaint does not specify damages. <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992). Defendant has not attached affidavits or any other evidence averring that the amount in controversy has been met. Therefore, Defendant has failed to satisfy its burden of proving that this Court has subject matter jurisdiction.

Accordingly, the Court finds that Defendant has made only conclusory allegations regarding the amount in controversy in this matter and further finds that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that the above styled cause of action be REMANDED pursuant to 28 U.S.C.

---

[1] The date of the pre-suit demand letter was January 4, 1999 and the docket sheet accompanying the Notice of Removal reflects suit was filed in August, 1999.

5

§ 1447(c) to the District Court for the 347th Judicial District in Nueces County, Texas, where it was filed under cause number 99-4402-H.

ORDERED on this the ___15th___ day of March, 2000.

                                       _____
                                       JANIS GRAHAM JACK
                                       UNITED STATES DISTRICT JUDGE

6